### LADRICK v. VILLAGE OF GREEN ISLAND.

(Supreme Court, Appellate Division, Third Department. March 8, 1905.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—INJURIES TO PEDESTRIANS—NEGLIGENCE—QUESTION FOR JURY.

Where a plank 8 inches wide was absent for the entire width of a village sidewalk, leaving a hole 3½ inches deep at the point where plaintiff was injured, and the walk had been in such condition for from 2 to 3 months, the question of the negligence of the village was for the jury.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1747, 1748.]

2. SAME—CONTRIBUTORY NEGLIGENCE.

Where, in an action for injuries on a defective city sidewalk, plaintiff testified that he was walking carefully, without knowledge that the defect existed, that the injury occurred on a dark night, and that he did not see the hole prior to his falling into it, the question of his contributory negligence was for the jury.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1682, 1754.]

3. SAME—NOTICE—PLEADING—VARIANCE—AMENDMENT.

Where, in an action for injuries on a defective city sidewalk, the complaint alleged that the injury occurred on June 17th, while the notice of injury recited that it was received on June 16th, and defendant made no

claim of surprise on plaintiff's applying for leave to amend the complaint to conform to the proof showing that the accident occurred on the 16th, the allowance of the amendment was not an abuse of discretion.

Appeal from Trial Term, Albany County.

Action by John Ladrick against the village of Green Island. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Frank H. Deal, for appellant.
John Scanlon, for respondent.

SMITH, J. Plaintiff has recovered a verdict for $300 against the defendant as damages for injuries sustained in a fall upon a sidewalk in the defendant village upon the 16th day of June, 1903. The sidewalk was shown to have been defective by reason of the absence of one plank from a plank sidewalk, making a hole or depression across the sidewalk the length of the plank, and of about 8 inches in width and about $3\frac{1}{2}$ inches in depth. The plaintiff was passing the same about 10 o'clock upon the night of the 16th of June, caught his foot in the hole, sprained his ankle and wrenched himself, thereby receiving the injuries for which judgment has been obtained. The judgment is challenged as being against the weight of evidence, both as to the proof of absence of contributory negligence and as to the proof of defendant's negligence. Upon the first question the plaintiff swears that he was walking steadily and carefully, without knowledge of the fact that this hole existed; the night was dark; he did not see it, and fell. This evidence is sufficient to make a question of fact for the jury whether he exercised the care of a reasonably prudent man, and upon that question of fact the finding of the jury has been for the plaintiff. As to the defendant's negligence, we think the case was also properly submitted to the jury. The photograph produced in evidence shows the nature of this hole, than which one could scarcely be more liable to cause a fall. It is hard to find authority exactly in point with facts parallel with the facts in the case at bar. There are cases where recovery has been denied where a hole or depression has been worn in the street to a depth greater even than was this hole. But the approach to the hole was a gradual wearing away of the stone, so that the situation would not present to the authorities of the city any reasonable notice that it might be the cause of an accident. This was the situation in the Hamilton Case, reported in 173 N. Y. at page 72, 65 N. E. at page 944. Where, however, from a smooth plank walk one plank is removed, causing a depression $3\frac{1}{2}$ inches, leaving a space 8 inches wide extending across the entire breadth of the walk, it cannot be said as matter of law that the situation is not such as to warn the municipality that danger is to be apprehended therefrom. We do not here hold that the absence of a board from a board sidewalk is always sufficient to require the court to present the question of plaintiff's damages to the jury. The space may be so filled up as to present no practical obstruction to travel. While there was some evidence of such

a situation in the case at bar, from the photograph which was presented, as well as from other evidence offered by the plaintiff, it was clearly the province of the jury to say whether the hole in this walk was negligently allowed to remain there.

It is true there was shown no direct notice of this defect, but from the evidence it appears to have existed from two to three months, which is more than is necessary to authorize the jury to say that those in charge of the streets of the municipality should have observed the defect.

In the notice of claim served upon the city, it was stated that the accident occurred and the injury was received on the 16th of June. In the complaint the 17th day of June was named as the day upon which the accident ocurred. The proof showed that it occurred upon the 16th, and upon application the plaintiff was allowed to amend his complaint to conform to the proof. The defendant made no claim of surprise, and the allowance of such amendment was clearly within the discretionary power of the court.

The order and judgment should therefore be affirmed, with costs.

Judgment and order unanimously affirmed, with costs. All concur.